**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Thomas Ray Northup

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS RAY NORTHUP,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **LEXISNEXIS RISK DATA MANAGEMENT, INC.,** | I.    **FAIR CREDIT REPORTING ACT; AND,** |
| Defendant. | II.   **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| | **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.  The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.  THOMAS RAY NORTHUP ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendant LEXISNEXIS RISK DATA MANAGEMENT, INC. ("Defendant") with regard to inaccurate and detrimental credit reporting.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in the Mission Viejo, State of California, and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); and, Cal. Civ. Code § 1785.3(c).

13. In addition, Plaintiff is a was a "senior citizen" as that term is defined by Cal. Civ. Code § 1761(f) at the time of Defendant's violations at issue herein.

14. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

15. Defendant is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

16. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

17. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. In 2019, Plaintiff learned that Defendant was reporting Plaintiff's son's bankruptcy to Plaintiff's Equifax Credit Report.

20. Plaintiff's son, Thomas Robert Northup, filed for bankruptcy in the Central District of California on May 31, 2019 and was assigned case number: 8:19-bk-12126-CB.

21. Plaintiff then submitted a written dispute to Equifax explaining the inaccuracies pursuant to 15 U.S.C. § 1681i(a) as said inaccuracies relate to Defendant's reporting of Plaintiff's son's bankruptcy to his credit report.

22. Following receipt, Equifax did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

23. Instead, Defendant verified the reporting of Plaintiff's son's bankruptcy to Plaintiff's credit report.

24. Plaintiff then submitted an additional dispute to Defendant through Equifax dated June 17, 2019.

25. Plaintiff's June 17, 2019 dispute contained additional information regarding Plaintiff's dispute, including Plaintiff's social security number; a copy of the bankruptcy docket for Plaintiff's son; a copy of certified Application for Search of Bankruptcy records; a copy of Plaintiff's driver's license; and, social security documents.

26. Plaintiff's supporting documentation confirmed that Plaintiff had never filed for bankruptcy.

27. Said documents also confirmed that Plaintiff's social security number ends in 3514 while the SSN associated with the reported bankruptcy ends in 3704.

28. Said documents also confirmed that Plaintiff lives in Mission Viejo while the bankruptcy was filed on behalf of a consumer that lives in Ladera Ranch.

29. On July 20, 2019, Equifax returned the results of Defendant's reinvestigation to Plaintiff verifying the inaccurate credit reporting.

30. Defendant's investigation was unreasonable in violation 15 U.S.C. § 1681s-2(b)(1)(A).

31. More specifically, Defendant should have discovered from Plaintiff's dispute that the individual who filed for bankruptcy in May 2019 was different from Plaintiff.

32. Accordingly, Defendant failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

33. Defendant failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

34. Due to Defendant's failure to reasonably investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

35. By inaccurately reporting account information after notice and confirmation of its errors, Defendant failed to take appropriate measures as required by 15 U.S.C. § 1681-2(b)(1)(D); and, (E).

36. Through this conduct, Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should know was inaccurate.

37. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting were fruitless.

38. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was willful.

39. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was reckless.

40. Defendant's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

41. Accordingly, Defendant willfully and negligently failed to comply with Defendant's duties to reasonably investigate Plaintiff's dispute.

42. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

43. Defendant's conduct has caused Plaintiff emotional distress and marital turmoil.

44. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.

45. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

46. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

49. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

50. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST ALL DEFENDANTS]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

53. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

54. Because Defendant is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

55. Since Defendant received all documents required to determine the inaccuracy of Defendant's reporting, Defendant should have known to update said reporting.

56. Defendant also should have determined that Defendant's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against each Defendant for each incident of noncompliance of the FCRA;

- Punitive damages according to proof as to the FCRA; and, CCCRAA against each Defendant;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- Treble damages pursuant to Cal. Civ. Code § 3345; and,

- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

57.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


DATED: June 7, 2021                                **KAZEROUNI LAW GROUP, APC**


                                        By:   ___/s/ Matthew M. Loker___
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF